# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOYCELYNN JOHNSON**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**META PLATFORMS, INC.**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:23-cv-00502-TES** |

### ORDER

Plaintiffs are Facebook users who allege that Meta misrepresented its privacy settings and misused Plaintiffs' personal data. [Doc. 1-1, ¶¶ 6–9]. Specifically, Plaintiffs allege that Meta made their data available to third parties without their consent. *See, e.g.*, [*id.* at ¶¶ 12–13, 43, 131, 135]. After opting out of a class settlement with Defendant Meta Platforms, Inc., ("Meta Settlement"), Plaintiffs filed a Complaint in the Superior Court of Bibb County against Defendant, asserting claims for fraud in the inducement, invasion of privacy, conversion, intentional infliction of emotional distress, and willfulness and wantonness.[1] *See In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, 18-MD-2843-VC (N.D. Cal.); [Doc. 15, pp. 1–2]; [Doc. 1-2, ¶¶ 137–68]. The Complaint clearly states that the amount in controversy "does not exceed $74,000."

---

[1] Plaintiffs also seek punitive damages. [Doc. 1-2, ¶¶ 146, 151, 156, 161, 168].

[Doc. 1-2, ¶ 5]. Yet, Defendants removed the case to this Court, invoking diversity of citizenship under 28 U.S.C. § 1332, on the grounds that "Plaintiffs' requested monetary relief exceeds $75,000."[2] [Doc. 1, p. 7].

Plaintiffs filed the at-issue Motion to Remand [Doc. 11] on February 13, 2024. Defendants failed to respond. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand [Doc. 11].

## DISCUSSION

1. **Legal Standard**

Ingrained in the mind of every federal judge is the axiom that federal courts are courts of limited jurisdiction, and they may only adjudicate cases as authorized by the Constitution and Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Gunn v. Minton*, 568 U.S. 251, 256 (2013). When a case is removed to federal court, the district court—in order to proceed—must first determine whether it has original jurisdiction over those removed claims. *Univ. of S. Ala.*, 168 F.3d at 410. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

---

[2] This case does not present a federal question under 28 U.S.C. § 1331.

2

Subject-matter jurisdiction based on diversity of citizenship exists where the parties are citizens of different states *and* the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Because plaintiffs generally have a choice of forum, the removing defendant bears the burden of proof on removal and, notably, "must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996) (emphasis added), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Further, a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly." *Burns*, 31 F.3d at 1095. And finally, there is one more hurdle Defendant Meta must clear. It must be a single plaintiff's claim that satisfies the jurisdictional amount – claims cannot ordinarily be aggregated to reach the $75,000 threshold. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir .2001). A single plaintiff could aggregate claims to meet the amount, but multiple plaintiffs cannot.

If a plaintiff does not state a specific amount of damages in his complaint, removal is proper if it is apparent from the face of the complaint that the amount in controversy exceeds $75,000. *Williams,* 269 F.3d at 1319. However, if the amount in

controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "their judicial experience and common sense," rather than "suspend reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)).

2. **Analysis**

Plaintiff's pleading and Defendant's Notice of Removal together make clear that complete diversity of citizenship is present in this case. Defendant Meta is incorporated in Delaware and has its principal place of business in California, while Plaintiffs are citizens and residents of Georgia. [Doc. 1-2, ¶¶ 1–2]; [Doc. 1, p. 5]. At issue, however, is whether it is apparent that the amount in controversy exceeds $75,000. The Court thinks not.

First, it is worth noting that according to Plaintiffs, the class settlement, which Plaintiffs opted out of, was about a $30 value.[3] *See* [Doc. 11, pp. 10–11]. Defendant has failed to respond or submit evidence, other than pure speculation, that the amount in

---

[3] Defendants did not submit any evidence to the contrary in their Notice of Removal and likewise failed to respond to the Plaintiffs' Motion to Remand. *See generally* [Doc. 1].

4

controversy meets the jurisdictional requirement. Instead, Defendant argues that Plaintiff's plea for punitive damages brings the amount above $75,000. *See* [Doc. 1, pp. 8–12]. But Defendant's argument is wholly inconsistent with the previously discussed axiom of limited jurisdiction, and if applied, would bring virtually every case involving punitive damages under the purview of the federal courts.

Defendant first argues that because Plaintiffs seek punitive damages on a $74,000 award, "punitive damages would only need to be just over $1,000 to meet the jurisdictional threshold." [Doc. 1, p. 8]. And given its large size and the fact that punitive damages are meant to deter conduct, Defendant argues the amount would "certainly" surpass the jurisdictional requirement. [*Id*. at pp. 8–9]. But this argument rests on the assumption that Plaintiff's $74,000 plea is only for compensatory damages and does not include punitive damages—an assumption for which there is zero evidence.

Defendant also argues that Plaintiffs "fail[] to declare that they would refuse to accept $1,000 in punitive damages should they prevail." [Doc. 1, p. 8]. But this argument is again an attempt to flip the burden of proof to Plaintiffs. "[T]he absence of such a disclaimer does not satisfy Meta's burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000." Order Remanding, *Schatz v. Meta Platforms, Inc.*, No. 2:23-CV-01572-ACA (N.D. Ala. Jan. 29, 2024), ECF No. 20. As the removing party, it is Defendant's burden to prove that the amount in controversy is

5

met, not Plaintiff's. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014). Defendant has failed to meet that burden.

## CONCLUSION

Accordingly, the Court joins other district courts that have remanded similar actions, finding that it does not have subject-matter jurisdiction over this case. The Court **REMANDS** this action to the Superior Court of Bibb County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 8th day of March, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**